**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

**VICTOR MANUEL SALIGAN GONZALEZ,**

***Petitioner*,**

**v.**

**MARY DE ANDA-YBARRA,**
*Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement*;
**WARDEN OF ERO EL PASO CAMP EAST MONTANA;**
**TODD M. LYONS,**
*in his official capacity as Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security*;
**MARKWAYNE MULLIN,**
*in his official capacity as Secretary, U.S. Department of Homeland Security*; **and**
**TODD BLANCHE,**
*in his official capacity as Acting Attorney General of the United States*,

***Respondents*.**

§ **EP-26-CV-00194-DCG**

**ORDER STRIKING AND SEALING UNAUTHORIZED AMENDED PETITION**

Petitioner Victor Manuel Saligan Gonzalez—who, as of April 21, 2026, is now litigating this case *pro se*[1]—has purported to file an Amended Petition for Writ of Habeas Corpus to supersede the Petition that his attorney previously filed on his behalf.[2] As the Court now explains, there are several problems with that filing.

[1] *See* Order Granting Mot. Withdraw Counsel, ECF No. 14, at 1.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[2] *Compare* Initial Pet., ECF No. 1, *with* Am. Pet., ECF No. 13.

## I. DISCUSSION

### A. Petitioner Had No Authority to Amend His Petition

The first is that Petitioner had no authority to file it. Federal Rule of Civil Procedure 15(a)(2) provides—with exceptions not relevant here[3]—that "a party may amend its pleading only with *the opposing party's written consent* or *the court's leave*."[4] As far as the docket reveals, Petitioner didn't obtain Respondents' written consent before filing his Amended Petition. And Petitioner neither requested nor obtained the Court's leave to amend his Petition. The Amended Petition is therefore an unauthorized filing. The Court will strike it from the docket accordingly.[5]

### B. The Amended Petition (and the Exhibits Thereto) Contain Sensitive Information About Non-Parties

The second problem is that the Amended Petition and the exhibits attached to it contain sensitive information about non-parties, including (but not limited to) the full names, birth dates, and social security numbers of Petitioner's minor children. By including that information in an unsealed court filing, Petitioner has made that information available to would-be identity thieves and any other member of the public who might review the case docket.[6]

---

[3] *See* FED. R. CIV. P. 15(a)(1) (specifying the limited circumstances in which a litigant may amend its pleadings as a matter of course, without first obtaining the court's leave or the opposing party's consent).

[4] FED. R. CIV. P. 15(a)(2) (emphases added).

"It is well settled that Rule 15 applies to federal habeas proceedings" like the instant case. *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009).

[5] *See, e.g.*, *Stewart v. Mississippi*, No. 3:09CV412, 2012 WL 2577538, at *1 (S.D. Miss. July 3, 2012) ("It is . . . ordered that plaintiff's . . . putative amended complaint, filed without leave of court, is stricken.").

[6] *See* FED. R. CIV. P. 5.2(c) (granting "any other person . . . electronic access to the full record" of this case "at the courthouse").

Federal Rule of Civil Procedure 5.2(a) provides:

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> (1) the last four digits of the social-security number and taxpayer-identification number;
>
> (2) the year of the individual's birth;
>
> (3) the minor's initials; and
>
> (4) the last four digits of the financial-account number.[7]

Because the Amended Petition and attached exhibits contain a substantial amount of the type of information covered by Rule 5.2(a),[8] the Court will seal them from public view.

---

[7] FED. R. CIV. P. 5.2(a).

[8] As the Court has explained elsewhere, *see, e.g.*, *Pilipenko v. Bondi*, No. 3:26-CV-00348, 2026 WL 822442, at *1 & n.4 (W.D. Tex. Feb. 11, 2026), Rule 5.2(a)'s "redaction requirement does not apply" to "a filing covered by Rule 5.2(c)." FED. R. CIV. P. 5.2(b). "Because this is an immigration detention case," Petitioner's unauthorized Amended Petition "may qualify as a filing covered by Rule 5.2(c)." *See Pilipenko*, 2026 WL 822442, at *1 & n.4 (citation modified); *see also* FED. R. CIV. P. 5.2(c) (governing docket access in any "action or proceeding relating to . . . immigration . . . detention").

"However, even assuming (without deciding) that Rule 5.2(a)" doesn't apply to this case, "the Court would nonetheless order Petitioner" to redact his filings in accordance with Rule 5.2(a) "pursuant to the Court's authority to require additional redactions under Rule 5.2(e)." *See, e.g.*, *Pilipenko*, 2026 WL 822442, at *1 & n.4; *see also* FED. R. CIV. P. 5.2(e) (authorizing courts to "require redaction of additional information" beyond the redactions that Rule 5.2(a) would ordinarily require).

## II. CONCLUSION

The Court therefore **STRIKES** the following documents from the case docket:

(1) Petitioner's Amended "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (ECF No. 13); and

(2) all attachments thereto (ECF No. 13-1).

Besides striking those documents, the Clerk of Court **SHALL** also **SEAL** them from public view.

If Petitioner wishes to amend his Petition, he may do so "only with [Respondents'] written consent or the court's leave."[9]

Going forward, Petitioner **MUST REDACT** any documents he files in accordance with Federal Rule of Civil Procedure 5.2(a).

The Clerk of Court **SHALL MAIL** this Order to:

Victor Manuel Saligan Gonzalez
El Paso Service Processing Center
8915 Montana Avenue
El Paso, TX 79925

Victor Manuel Saligan Gonzalez
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

**So ORDERED and SIGNED this 23rd day of April 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

[9] *See* FED. R. CIV. P. 15(a)(2).